IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RIDGECOUNTRY, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLMINGTON SAVINGS FUND SOCIETY FSB, *et al.*, <br><br> Defendants. | Case No. 3:17-cv-02996-G-BT |

**FINDINGS, CONCLUSIONS, AND RECCOMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Ridgecountry, Inc.'s (Ridgecountry) Motion to Remand (ECF No. 46), Ridgecountry's Motion to Strike Defendant Nationstar Mortgage, LLC's (Nationstar) Surreply (ECF No. 53), and Nationstar's Motion for Leave to file Reply Brief to Ridgecountry's Reply (ECF No. 54). For the reasons stated, Ridgecountry's Motion to Strike is GRANTED, and Nationstar's Motion for Leave is DENIED. Further, the Court should GRANT Ridgecountry's Motion to Remand, but DENY its request for attorneys' fees, expenses, and costs in connection with the Motion to Remand.

**Background**

This case arises from the foreclosure of real property located in Rockwall, Texas. Ridgecountry alleges that it was the fee simple owner of the property, but that in May 2003, a couple executed a fraudulent deed purporting to convey the

1

property to themselves. Def.'s Ex. A-D 7 (ECF No. 1-1). Ridgecountry further alleges that the couple obtained a mortgage secured by the fraudulent deed. *Id.* at 8. When it learned of this fraudulent encumbrance, Ridgecounty demanded that the couple remove it. *Id.* Instead, the couple filed for bankruptcy. *Id.* Ridgecountry filed an adversary proceeding in the bankruptcy to quiet title, naming as defendants the couple and all other lien holders who held recorded liens on the real property in reliance on the fraudulent deed. *Id.* at 8-9. Among those defendants was Nationstar, the loan servicer of the fraudulent mortgage. *Id.* at 9. In the adversary proceeding, the parties reached—and the court entered—an agreement (the "Agreed Order"), under which Nationstar would notify Ridgecountry, among others, of any default in post-bankruptcy-petition payments that the couple was to make. *Id.* at 9, 19-20. Ridgecountry alleges that, despite repeated requests for a payoff quote, Nationstar sold the property without affording Ridgecountry the opportunity to redeem it. *See id.* at 11-13. Consequently, Ridgecountry sued Nationstar and assignees of the fraudulent mortgage in state court, alleging various state law causes of action. *Id.* at 13-16. Defendants removed on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and bankruptcy jurisdiction under § 1334, staking federal jurisdiction on the fact that the "gravamen" of Ridgecountry's claims "require the interpretation or enforcement of a bankruptcy court order." Notice Removal 3-4 (ECF No. 1).

Since removal, however, the Court has questioned whether it has subject matter jurisdiction over the dispute. Ridgecountry filed an amended complaint

followed by a second amended complaint, the live complaint in this suit, alleging nine causes of action: (1) trespass to try title; (2) quiet title; (3) wrongful foreclosure; (4) negligence; (5) negligent misrepresentation; (6) equitable subrogation; (7) breach of contract; (8) tortious interference with prospective business relations; and (9) declaratory judgment. Second Am. Compl. 15-23 (ECF No. 24). The Court anticipated the parties would seek judgment on the pleadings and directed briefing of the jurisdictional issue in connection with those motions. Initial Sched. Order 2-3, ¶ 4 (ECF No. 22). Nationstar filed a Rule 12(c) motion for judgment on the pleadings, and it was fully briefed. *See* Order J. Pleadings 5 (ECF No. 45). However, the parties' briefs did not adequately address the jurisdictional issue, and the Court was unable on the record before it to ascertain whether it had subject matter jurisdiction. *Id*. The Court denied Nationstar's 12(c) motion without prejudice and directed Ridgecountry to file a motion to remand or other appropriate motion addressing the jurisdictional issue. *Id*. at 6. Ridgecountry filed the pending motion to remand on March 29, 2019.

**Preliminary Matters**

Ridgecountry's motion to remand was fully briefed on April 26, 2019, when Ridgecountry filed its Reply (ECF No. 51). But, on May 9, 2019, Nationstar filed a document it styled as a "Reply Brief to Ridgecountry's Reply Brief Regarding Jurisdiction" (ECF No. 52). Ridgecountry moved to strike this filing as an improper surreply. Then, Nationstar filed a retrospective motion for leave to file the surreply and a response to Ridgecountry's motion to strike (ECF No. 55). In both its motion

3

for leave and its response to Ridgecountry's motion to strike, Nationstar argues its surreply was appropriate because Ridgecountry's reply brief advanced a new cause of action not found in its complaint and new arguments not raised by the response. Mot. Leave 1-2; Resp. Mot. Strike 1-2. Specifically, Nationstar argues Ridgecountry improperly (1) alleges a new cause of action for equitable right of redemption, (2) addresses "arising under" and "arising in" bankruptcy jurisdiction for the first time by erroneously applying one case and not addressing two others, and (3) suggests the Court abstain from exercising jurisdiction in this case. Mot. Leave 2; Resp. Mot. Strike 2.

  A reply brief is generally limited to discussing matters presented in a motion and the response. *Fajemirokun v. Methodist Health Sys.*, 2018 WL 1912631, at *4 (N.D. Tex. Apr. 23, 2018). "[T]he Court can decline to consider an argument raised for the first time in a reply brief." *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006); *see also Senior Unsecured Creditors' Comm. of First Republic Bank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (refusing to consider argument raised for first time in reply brief). Indeed, courts will generally not consider new arguments in replies because doing so would deprive the nonmovant "of a meaningful opportunity to respond." *White v. City of Red Oak*, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014) (quotation marks and citations omitted). When new arguments are raised in a reply, a court may strike them or grant the nonmovant leave to file a surreply. *Id.* (citations omitted).

Ridgecountry's discussion of Texas's equitable right of redemption in its reply brief does not advance a new argument. The equitable right of redemption provides a mortgagor with a reasonable time to cure a default and obtain a reconveyance of the mortgaged property before a foreclosure sale. *Elbar Invs., Inc. v. Wilkinson*, 2003 WL 22176624, at *3 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, pet. denied) (citing *Louisville Joint Stockland Bank v. Radford*, 259 U.S. 555, 579 (1935)). While Ridgecountry has not met the pleading requirements to bring an equitable redemption cause of action (a matter that is not pertinent to resolving the instant motions), Ridgecountry's reply is not the first filing that attempts to bring equitable redemption into the discussion.

First, Ridgecountry hints at equitable redemption in the Second Amended Complaint. In a number of its causes of action, it discusses its right to be notified of a default under "Texas law." Second Am. Compl. 17, 18, 19, 22. Moreover, in its motion to remand, Ridgecountry argues that it is not merely the Agreed Order, but also "Texas law" that provides it the "right of redemption from liens" and obligated Nationstar to notify it of default. Br. Support Mot. Remand 7 (ECF No. 47). To this, Nationstar had a meaningful opportunity to respond and, indeed, did respond. In fact, in response to Ridgecountry's motion to remand, Nationstar points out that "Ridgecountry has not pled [sic] in its complaint or motion to remand any Texas statute, common law, or case citations which requires a mortgage company to provide payoff quotes, notices of default, notices of acceleration, or notices of foreclosure to a non-borrower." Resp. Mot. Remand 3 (ECF No. 48). That

5

Ridgecountry used the term "equitable redemption" for the first time in its reply is inapposite, given that a Texas-specific right to redeem property prior to foreclosure was a part of Ridgecountry's argument from early in the litigation, and Nationstar had an adequate opportunity to respond to such an argument before Ridgecountry attached the term "equitable redemption" to it.

Ridgecountry's discussion of "arising under" and "arising in" jurisdiction likewise does not raise a new argument in reply. Ridgecountry's brief in support of its motion to remand acknowledges "arising under" and "arising in" jurisdiction, but it primarily argues to rebut "related to" jurisdiction because, by Ridgecountry's reading of the Notice of Removal, "Nationstar . . . asserts only 'related to' jurisdiction." Br. Support Mot. Remand 8. However, Nationstar's response clarified that removal was actually based on "arising under" or "arising in" jurisdiction. Br. Support Resp. Mot. Remand 2 ("Resp. Br.") (ECF No. 50). In light of this clarification, Ridgecountry briefed "arising under" and "arising in" jurisdiction in its reply. Reply Mot. Remand 4-5 (ECF No. 51). Parties are entitled to address in reply briefs any contentions raised in responsive briefs, even if doing so requires citation to new legal authority. *Corbello v. Sedgwick Claims Mgmt. Servs., Inc.*, 856 F. Supp. 2d 868, 889-90 (N.D. Tex. 2012).

Nonetheless, Nationstar had a meaningful opportunity to argue for "arising under" and "arising in" jurisdiction, and it did so in its response. To the extent Nationstar suggests that it is entitled to file a surreply because Ridgecountry cites

6

particular authority in its reply but ignores other authority,[1] the Court notes that litigants are entitled to cite the authority they deem most appropriate at the exclusion of other authority. Nationstar is not entitled to file a surreply to rebut Ridgecountry's response to the "arising under" and "arising in" jurisdictional arguments.

Ridgecountry's discussion of abstention doctrines in its reply brief is an improper attempt to bring a new argument, and Ridgecountry's reply is stricken to the extent it discusses abstention. Ridgecountry's reply states that "nothing restricts this Court from exercising permissive abstention." Reply Mot. Remand 4 n.17. It then discusses the various abstention doctrines and suggests that permissive abstention is appropriate. *Id.* Ridgecountry confines its abstention discussion to a single footnote, but the discussion is nonetheless improper. No filing had so much as mentioned abstention to that point. Indeed, Ridgecountry recognizes that its motion to remand "does not request permissive abstention." *Id.* Nationstar moves for leave to file a surreply, in part, to respond to Ridgecountry's abstention discussion. Mot. Leave File Surreply 2. Nationstar's proposed surreply, however, addresses Ridgecountry's abstention argument in approximately one-and-a-half pages of a seven-page, otherwise unwarranted, surreply. *See* Surreply

---

[1] *See* Mot. Leave File Surreply 4 ("Second, Ridgecountry attempts to use the Fifth Circuit *Wood* opinion to negate 'arising under' or 'arising in' federal jurisdiction to enforce bankruptcy courts' orders without addressing *Travelers Indemnity* or *National Gypsum* . . . .").

6-7 (ECF No. 52). The Court therefore deems it appropriate to simply strike Ridgecountry's reply to the extent it discusses abstention.

For these reasons, Ridgecountry's Motion to Strike is GRANTED, and Nationstar's Motion for Leave to file Surreply is DENIED. Further, to the extent Ridgecountry's reply argues this Court should abstain from exercising jurisdiction in this case, the Court will not consider that argument in reaching its conclusion as to Ridgecountry's motion to remand.

## Legal Standard

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Courts have "a continuing obligation to examine the basis for their jurisdiction," and they may *sua sponte* raise the jurisdictional issue at any time. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *see also EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (noting that, even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Similarly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [of a removed case], the case shall be remanded." 28 U.S.C. § 1447(c); *see also Exxon Mobil Corp. v. Starr Indem. & Liab. Ins. Co.*, 716 F. App'x 349, 350-51 (5th Cir. 2018) (per curiam).

8

Moreover, any doubts concerning removal must be resolved against removal and in favor of remand. *Baylor Univ. Med. Ctr. v. Ark. Blue Cross Blue Shield*, 331 F. Supp. 2d 502, 508 (N.D. Tex. 2004) (Fish, J.) (quotation marks and citations omitted).

## Analysis

### I. The Court does not have bankruptcy jurisdiction.

The Court lacks bankruptcy jurisdiction over this dispute. An action requiring the interpretation of a bankruptcy court's order is subject to federal jurisdiction if the right asserted in the action only exists in the order. Although Ridgecountry alleges the Agreed Order provided it the right to certain pre-foreclosure notice, it also alleges Texas law provided it with the same right. Therefore, Ridgecountry's rights, if any, do not only exist only in the Agreed Order.

District courts have jurisdiction of all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Proceedings are "related to" cases under title 11 if the outcome of the proceeding could conceivably have any effect on the bankruptcy estate. *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). After a debtor's bankruptcy reorganization plan is confirmed, however, "related to" jurisdiction no longer exists other than for matters pertaining to execution of the plan because after confirmation there is no longer an estate that can be affected. *Weaver v. Tex. Capital Bank., N.A.*, 410 B.R. 453, 457 (N.D. Tex. 2009) (citing *In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 390 (5th Cir. 2001)). The phrases "arising under" and "arising in," on the other hand, refer to core

bankruptcy proceedings. *Wood*, 825 F.2d at 97 (quotation marks and citations omitted). A proceeding is a core bankruptcy proceeding if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. *Id.*

A proceeding to enforce or construe a bankruptcy court's order is "plainly" within bankruptcy jurisdiction. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). However, where "the dispute goes well beyond" enforcing or interpreting the order, it is not a core proceeding and federal jurisdiction is lacking. *In re Superior Air Parts, Inc.*, 516 B.R. 85, 92 (Bankr. N.D. Tex. 2014) (Houser, J.). In *Superior Air Parts*, the debtor's bankruptcy affected assets the debtor held in Germany. *See id.* at 91, 93. The debtor sought return of the assets under the confirmed bankruptcy plan. *Id.* at 93. The bankruptcy court held that it did not have subject matter jurisdiction[2] because the debtor, if it owned the assets, would have had a right to their return regardless of the bankruptcy filing. *Id.* at 95. In particular, the court found jurisdiction lacking because the action involved assertion of a right that, although perhaps conferred by the confirmed plan, would have also existed outside the bankruptcy. *Id.* (citing *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007)).

---

[2] District courts have original jurisdiction over bankruptcy cases and related proceedings. 28 U.S.C. §§ 1334(a)-(b). But district courts may refer certain bankruptcy matters to bankruptcy judges for the district. § 157(a); *Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 932, 1939 (2015). Thus, if a bankruptcy court lacks *subject matter* jurisdiction over a matter, so does the district court.

10

The Fifth Circuit has reached the same conclusion. *See In re Martinez*, 2000 WL 34508398, at *1 (5th Cir. Oct. 5, 2000) (per curiam). In *Martinez*, the plaintiff was an attorney who represented the debtors in bankruptcy. *Id.* After the bankruptcy was closed, he sued one of the bankruptcy creditors in Texas state court claiming the creditor failed to give him notice of default and acceleration of a debt before foreclosure. *Id.* The creditor removed to bankruptcy court, where the dispute was ultimately adjudicated against the plaintiff. *Id.* On appeal, the plaintiff contended that the bankruptcy court lacked subject matter jurisdiction over the dispute; the Fifth Circuit disagreed. *Id.* "Whether the plan required . . . notice [to the plaintiff prior to foreclosure] requires interpretation of the plan," which, the court explained, is a matter arising under title 11. *Id.* (citing *In re Nat'l Gypsum*, 118 F.3d 1056, 1064 (5th Cir. 1997)). Critically, however, the Fifth Circuit noted that the bankruptcy court based jurisdiction on the "arising under" prong because the plaintiff's rights, "*if any existed*, derived from the Bankruptcy Code, inasmuch as such rights allegedly *arose* in a bankruptcy case, pursuant to a plan confirmed by the bankruptcy court." *Id.* (emphasis added). It is therefore clear that the plaintiff's rights in *Martinez* existed only in the confirmed bankruptcy plan, unlike the plaintiff's rights in *Superior Air Parts*, which would have existed even had the plaintiff never filed for bankruptcy.

Because the bankruptcy is closed here, the Court's jurisdiction depends upon whether this action is a core proceeding. It is not. While the facts here are substantially similar to those presented in *Martinez*, this case more closely

11

parallels *Superior Air Parts* than it does *Martinez*. Indeed, Ridgecountry's causes of action all exist independently of the Agreed Order in Texas law. Ridgecountry alleges only state causes of action and, with respect to most of them, does not even mention the Agreed Order as so much as a facet of the claim. When it does mention the Agreed Order, Ridgecountry appears to assert its rights under the Agreed Order in the alternative or, at least simply supplemental to, its rights under state law. Second Am. Compl. 17 ("Moreover, Defendants knew or should have known that under the Agreed Order *and applicable Texas law*, they were required to provide Ridgecountry with a meaningful right to redeem prior to foreclosure.") (emphasis added); Second Am. Compl. 18 ("Pursuant to the terms of the Agreed Order *and Texas law*, Nationstar had a duty to provide Ridgecountry a meaningful right to redeem . . . .") (emphasis added); Second Am. Compl. 22 ("Defendants knowingly and intentionally failed to provide Ridgecountry with a reasonable, valid payoff quote as it was required to do under the Agreed Order *and Texas law*.) (emphasis added). In other words, Ridgecountry's right to relief does not necessarily succeed or fail only by interpretation of the Agreed Order. It *can* exist outside of bankruptcy.

Nationstar relies on *In re Craig's Stores of Tex., Inc.* and *In re Case* to argue jurisdiction exists. Resp. Br. 4-5. But these cases do not establish subject matter jurisdiction exists. First, *Craig's* is largely devoted to defining the scope of "related to" jurisdiction, and it is thus not applicable here. *See In re Craig's Stores of Tex.*, 266 F.3d 388, 391 (5th Cir. 2001). To the extent that it is applicable, it supports

remand. *Id.* ("In sum, the state law causes of action asserted by Craig's against the Bank do not bear on the interpretation or execution of the debtor's plan and therefore do not fall within the court's post-confirmation jurisdiction.").

*Case*, on the other hand, is distinguishable. In *Case*, the creditor sued the debtor in state court alleging a state claim for default on the bankruptcy-approved payment plan. *In re Case*, 937 F.2d 1014, 1017 (5th Cir. 1991). The debtor counterclaimed alleging the creditor had induced it to enter the payment plan. *Id.* The bankruptcy court then reopened the bankruptcy case and adjudicated the creditor's claim. *Id.* The Fifth Circuit determined the bankruptcy court had jurisdiction to reopen the case and decide the dispute because whether the debtor had breached the payment plan and whether the payment plan was valid involved the administration of the estate and affected the adjustment of the debtor-creditor relationship under the Bankruptcy Code. *Id.* at 1019. That is not the case here. Neither party disputes the validity of the Agreed Order. Moreover, Ridgecountry is neither the debtor nor a creditor in the underlying bankruptcy. This action therefore cannot affect the debtor-creditor relationship under the bankruptcy code.

Ridgecountry's rights can exist outside of bankruptcy in Texas law. Although Ridgecountry alleges the Agreed Order provided it the right to certain pre-foreclosure notice, it also alleges Texas law provided it with the same right. Therefore, the court lacks bankruptcy jurisdiction over this action.

## II. The Court does not have federal question jurisdiction.

Nationstar argues that because this case involves interpretation of a bankruptcy court order, the Court has federal question jurisdiction. Nationstar's position appears to be that actions requiring interpretation of a prior federal court order pose a federal question for that reason. That is not the case. The Court lacks federal question jurisdiction over this dispute.

A federal court's jurisdiction to interpret and enforce prior federal court orders is not absolute. A district court can exercise what is known as ancillary jurisdiction over a second action in order to preserve the fruits and advantages of a judgment or decree entered by that court in a prior action. *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1292 (5th Cir. 1992). Such ancillary jurisdiction exists when the effect of another action would effectively nullify the judgment of a prior federal action. *Id.*; *City of El Paso v. El Paso Entm't, Inc.*, 382 F. App'x 361, 364-65 (5th Cir. 2010). This is so even if the district court would lack jurisdiction over the second action if it had been brought as an original suit. *Royal Ins.*, 960 F.2d at 1292.

There is little guidance as to what types of actions would effectively nullify a prior court order. Nonetheless, it is clear here that state court adjudication of Ridgecountry's claims would not effectively nullify the Agreed Order. *See Manges v. McCamish, Martin, Brown, & Loeffler, P.C.*, 37 F.3d 221, 223-24 (5th Cir. 1994) (applying ancillary jurisdiction where prior federal court order provided for exclusive federal jurisdiction of future actions); *El Paso Entm't, Inc.*, 382 F. App'x

14

at 365 (applying ancillary jurisdiction where litigants sought declaration that prior federal court order was no longer in effect); *Frank C. Minvielle LLC v. Atl. Ref. Co.*, 337 F. App'x 429, 433 (5th Cir. 2009) (per curiam) (applying ancillary jurisdiction over claim brought by litigant whom prior federal court order deemed lacked standing to bring that very claim). State court adjudication of Ridgecountry's nine state law claims would not affect the Agreed Order in the way that state court adjudication would have affected the federal court order in question in each of these cases. Indeed, resolution of the instant dispute, if decided on state law grounds, would have no effect on the Agreed Order. Moreover, if decided on the grounds that the Agreed Order did or did not entitle Ridgecountry to certain notice of foreclosure, the adjudication would have just that effect on the Agreed Order: clarification that it did or did not entitle Ridgecountry to certain notice of foreclosure. Either way, state court adjudication of the matter would not nullify the Agreed Order. Ancillary jurisdiction is not appropriate here.

### III. Attorneys' fees, costs, and expenses are not warranted.

In its motion to remand, Ridgecountry asks the court to award it attorneys' fees, costs, and expenses incurred as a result of Nationstar's removal. Such an award is not warranted here.

28 U.S.C. § 1447(c) provides that, when a court remands a case, it may order the removing party to pay costs, expenses, and attorneys fees the other party incurred as a result of the removal. A court, in deciding whether to award attorneys' fees under § 1447(c) looks to the merits of the removal and decides whether the

15

defendant had objectively reasonable grounds to believe there was a legal basis for the removal. *Cotner v. Hartford Life & Annuity Ins.*, 2008 WL 59174, at *5 (N.D. Tex. Jan. 4, 2008) (Fish, J.) (citing *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)). "When the removability of the case is plausible, a district court should deny costs and fees." *Erlandson v. Liberty Life Assurance Co. of Bos.*, 320 F. Supp. 2d 501, 511 (N.D. Tex. 2004) (Fish, J.) (denying attorneys' fees and costs where defendant made a "colorable" argument for removal); *Baron v. Baron & Budd, P.C.*, 2006 WL 3203269, at *9 (N.D. Tex. Nov. 6, 2006) (Fish, J.) (same).

Here, while ultimately improper, Nationstar's removal was not necessarily unreasonable—removability was not wholly implausible. At least one of the causes of action Ridgecountry asserted in its original petition alleged that the Agreed Order entitled Ridgecountry to certain pre-foreclosure notice. Def.'s Ex. A-D 14. In the original petition, Ridgecountry also relayed the provisions of the Agreed Order relevant to its claims. *Id.* at 9. Binding authority certainly provides that actions requiring interpretation or enforcement of bankruptcy court orders are core proceedings. *See Travelers Indem.*, 557 U.S. at 151; *Case*, 937 F.2d at 1020; *Martinez*, 2000 WL 34508398, at *1. While the rule is narrower than that, the Court concludes that existing case law provides color to Nationstar's argument for removal. Thus, even though removal was improper, because Nationstar provided a colorable argument for removal, attorneys' fees and costs are not warranted. The district court should deny Ridgecountry's request for attorneys' fees.

## Recommendation

For the foregoing reasons, Ridgecountry's Motion to Strike (ECF No. 53) is GRANTED, and Nationstar's Motion for Leave (ECF No. 54) is DENIED. Further, and the Court should GRANT Ridgecountry's Motion to Remand (ECF No. 46), but DENY its request for attorneys' fees, expenses, and costs in connection with the Motion to Remand.

**SO RECOMMENED**

November 15, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of

plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).